# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

WILLIAM J. WASHINGTON, JR.,

    Petitioner,

vs.                            CIVIL ACTION NO.: CV213-112

SUZANNE R. HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Washington ("Washington"), who presently is confined at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. After the undersigned directed the parties to respond to an Order dated December 26, 2013, Respondent and Washington both filed responsive pleadings. For the reasons which follow, Washington's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Washington was convicted in the Southern District of Ohio of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Washington was sentenced to 240 months' imprisonment. In this petition, Washington seeks to have the detainer issued by the State of Ohio, which will require Washington to

serve a state term of imprisonment consecutive to his current federal sentence and in installments, quashed.

## **DISCUSSION AND CITATION TO AUTHORITY**

"The Supreme Court has . . . held that a petitioner under a detainer placed on the petitioner by a state [is] 'in custody' even though he [is] currently incarcerated pursuant to federal charges in a federal penitentiary and his state sentence had yet to begin." Ray v. Campbell, 284 F. App'x 773, 774–75 (11th Cir. 2008) (citing Maleng v. Cook, 490 U.S. 488, 493 (1989)). A "state's detainer ensure[s] that, at the conclusion of the prisoner's federal sentence, he [will] be returned to state authorities to begin serving his state sentence." Id. at 775. A prisoner serving consecutive sentences is "in custody" under any one of them for purposes of § 2241. Id.

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Thomas, 371 F.3d at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a))

2

AO 72A
(Rev. 8/82)

(emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Washington is seeking to have a detainer issued by the State of Ohio quashed, which is an issue which must be addressed under section 2254. The undersigned notes Washington's contention that he is not required to exhaust his state remedies because he is challenging the actions of the federal government, which caused his state sentence to stop running entirely. However, Washington seeks to have the detainer issued by the State of Ohio quashed so that he will not have to serve his state sentence in a "piecemeal fashion". (Doc. No. 18, p. 2). Washington's requests for relief fall within the parameters of section 2254, and accordingly, he is required to exhaust his state

3

court remedies. It is evident that Washington did not exhaust his state court remedies prior to filing his § 2241 petition, and this Court is without jurisdiction to entertain Washington's petition.

Washington cites to two (2) cases in support of his position that he should not be forced to serve his state sentence in installments. In United States v. Melody, 863 F.2d 499 (7th Cir. 1988), the Seventh Circuit Court of Appeals noted the petitioner's assertion that "her sentence is improper because its delayed execution offends 'fundamental common law and constitutional principles.' She first discusses a common law rule that a defendant ordinarily cannot be required to serve his sentence in installments—that is, a prisoner normally should serve his sentence continuously once he is imprisoned."[1] Melody, 863 F.2d at 504. The Seventh Circuit quickly disposed of this argument because Melody had not been forced to serve her federal sentence in installments, as "her sentence [was] to be served without interruption once it commence[d.]" Id. Nevertheless, she asserted that the stay violated the "common law rule" by postponing the date of her imprisonment. The court noted that Melody failed "to cite any authority to support the proposition that her sentence is being served in installments merely because her date of incarceration was delayed following sentencing." Id. at n.3.

The Melody decision does not offer Washington any relief. This decision arises from the Seventh Circuit, and only decisions of the Eleventh Circuit Court of Appeals and the Supreme Court are binding precedent on this Court. In addition, even if this

---

[1] The petitioner in Melody and her husband were convicted of white collar crimes and each sentenced to four (4) years' imprisonment. The sentencing judge allowed the petitioner to begin her sentence after her husband completed serving his sentence so that the couple's family would not be disrupted if both parents were incarcerated simultaneously. Petitioner's husband died before he completed the full term of imprisonment, and the petitioner was incarcerated sooner than anticipated as a result. 863 F.2d at 500–02.

decision had precedential value in this Court, Washington is not claiming that he is being forced to serve his federal sentence in installments. Finally, Washington cites to no authority standing for the proposition that his incarceration in Ohio has been delayed such that he is being forced to serve his sentence in installments.

The Eleventh Circuit addressed the doctrine of credit for time at liberty in <u>Little v. Holder</u>, 396 F.3d 1319 (11th Cir. 2005), which is the second case to which Washington cites. The petitioner in <u>Little</u> was serving a state sentence and was temporarily released to federal custody to face charges for using a firearm during the commission of a drug trafficking crime. Little pleaded guilty to the federal charges, and his federal sentence was to run consecutively with his state sentence. Little was returned to state custody after he was sentenced in federal court; however, the USMS never "lodged a detainer with the state", and federal authorities were not notified of his release from state custody. <u>Id.</u> at 1320. Little was at liberty for nearly four years when he was arrested a second time by the state. This time, the USMS lodged a detainer with the state regarding his outstanding federal sentence. <u>Id.</u> After the expiration of his second state sentence, Little was taken into federal custody to begin service of his federal sentence. Little sought his immediate release from federal prison because "his erroneous release was due to negligence by the Marshals Service", and he should have been credited for the time he was at liberty. <u>Id.</u> The Eleventh Circuit "recognize[d] that some courts grant credit for time at liberty to prisoners who have been forced to serve their sentences in installments through a series of releases and reincarcerations." <u>Id.</u> at 1321. The Eleventh Circuit specifically noted that a prisoner cannot be required to serve his sentence in installments. <u>Id.</u> at 1322. However, the Eleventh Circuit found that Little

AO 72A
(Rev. 8/82)

had "not been forced to serve his federal sentence in installments. Rather, the commencement of his federal sentence was merely delayed. Little has served his federal sentence continuously and without any interruptions since it began[.]" Id. The Eleventh Circuit's decision in Little does not apply to Washington, as he has not been forced to serve his federal sentence in installments, nor does it appear that Washington spent any time "at liberty". Additionally, Washington does not seek to have any time served credited against his federal sentence.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Washington's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice, as he failed to exhaust his state court remedies prior to the filing of this petition.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of ~~February~~ March, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)